UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| NORMAN F. WRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. 2:16-CV-79-PLR-MCLC |
| v. | ) |
| | ) |
| HON. JUDGE DUGGER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Acting pro se, Norman F. Wright, has submitted this civil rights complaint for damages under 42 U.S.C. § 1983 [Doc. 2], application to proceed without payment of fees or costs [Doc. 1], and motion for appointment of counsel [Doc. 3].

### I. The Filing Fee

Plaintiff's application to proceed without prepayment of fees [Doc. 1] is **GRANTED**. Nonetheless, because Plaintiff is an inmate, he is **ASSESSED** the filing fee of three hundred and fifty dollars ($350). *McGore v. Wrigglesworth*, 114 F.3d 601, 607 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). The custodian of Plaintiff's inmate trust account at the institution where he now resides shall submit, as an initial partial payment, whichever is the greater of: (a) twenty percent (20%) of the average monthly deposits to Plaintiff's inmate trust account; or (b) twenty percent (20%) of the average monthly balance in his inmate trust account for the six-month period preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1)(A) and (B). Thereafter, the trust account custodian shall submit twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to his trust account

for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $350 has been paid to the Clerk's Office. *McGore,* 114 F.3d at 607.

Payments should be sent to: <u>Clerk, USDC; 220 West Depot Street, Suite 200, Greeneville, Tennessee 37743</u>. To ensure compliance with the fee-collection procedure, the Clerk is **DIRECTED** to mail a copy of this order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Clerk is also **DIRECTED** to furnish a copy of this order to the Court's financial deputy. This order shall be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II.     Screening the Complaint

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss those that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. *See, e.g.*, *Benson v. closing O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

In screening this complaint, the Court bears in mind that pro se pleadings filed in civil rights cases must be liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, the pleading must be sufficient "to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which simply means that the factual content pled by a plaintiff must permit a court "to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted). The standard articulated in *Twombly* and *Iqbal*

"governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)." *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010).

## III. Discussion

### A. Plaintiff's Factual Allegations

On February 13, 2015, Plaintiff appeared before Judge Dugger for sentencing on charges of "growing [four] pot plants" [Doc. 2 p. 3]. Plaintiff alleges that at his sentencing hearing, Judge Dugger opined that Plaintiff's plea agreement was illegal and he displayed bias toward Plaintiff by reading a 2003 charge of failure to register as a sex offender for indecent exposure [*Id.*]. Plaintiff asserts that Judge Dugger showed prejudice toward him by discussing his 2003 indecent exposure charge in front of a courtroom full of townspeople and about eleven inmates from Hawkins County Jail, where Plaintiff was housed at that time [*Id* at 4]. By speaking of this prior charge, Plaintiff claims that Judge Dugger put his life in "serious danger" and due to Judge Dugger's actions, Plaintiff received threats of violence everyday while in jail [*Id.*].

Plaintiff argues that Judge Dugger "abused his power and put [Plaintiff's] life in danger, extreme danger, in Hawkins County, Tennessee" [*Id.*]. Due to Judge Dugger's "unethical abuse of power," Plaintiff's life was put at risk which caused his mental health to deteriorate and led him to attempt suicide [*Id.*].

Further, Plaintiff claims that Judge Dugger displayed judicial misconduct by not informing Plaintiff that he was able to appeal his case until after Plaintiff signed the plea agreement. Plaintiff also states that Judge Dugger's actions made his probation impossible to follow and he was just "dumped [ ] out on the streets with nothing . . ." [*Id.*].

3

### B. Judicial Immunity

The doctrine of judicial immunity applies, and the law in this arena has been summarized by the Sixth Circuit:

> It is a well-entrenched principle in our system of jurisprudence that judges are generally absolutely immune from civil suits for money damages. *Mireles v. Waco,* 502 U.S. 9 (1991); *Forrester v. White,* 484 U.S. 219 (1988); *Stump v. Sparkman,* 435 U.S. 349 (1978); *Pierson v. Ray,* 386 U.S. 547 (1967); *Bradley v. Fisher,* 80 U.S. (13 Wall.) 335 (1872). Immunity from a § 1983 suit for money damages is no exception. *See Pierson*, 386 U.S. at 554. The doctrine of judicial immunity is justified "by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability." *Hensley v. Dugger*, No. 2:13-CV-76-JRG-DHI, 2014 WL 6982397, at *3 (E.D. Tenn. Dec. 10, 2014) (citing *Antoine v. Byers*, 508 U.S. [249,] 435, (1993).

Thus, compelling public benefits outweigh the "unfairness and injustice to a litigant [that] may result on occasion, [because] 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'" *Mireles*, 502 U.S. at 10 (quoting *Bradley,* 80 U.S. (13 Wall.) at 347). If it were otherwise and judges were personally liable for erroneous decisions, then "the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits." *Forrester*, 484 U.S. at 226-27. *Barnes v. Winchell,* 105 F.3d 1111, 1115-16 (6th Cir. 1997). The only exceptions to judicial immunity are acts which are non-judicial or which are taken in the absence of all jurisdiction. *Mireles,* 502 U.S. at 11-12.

Plaintiff's claims against the defendant judge sprang from alleged action taken in his judicial capacity under color of law. Presiding over criminal cases and sentencing a criminal defendant "affect[s] the rights only of the individual plaintiff[ ] in specific judicial proceedings;

4

these acts are example[s] of paradigmatic judicial acts," *Mann v. Conlin,* 22 F.3d 100, 104 (6th Cir.1994), all of which lie within the scope of Judge Dugger's jurisdiction and confer on him absolute immunity from this suit for damages. *Pierson,* 386 U.S. at 553-54 (1967).

Because Judge Dugger's challenged actions lie within "a sweeping range of judicial actions" protected by the doctrine of judicial immunity, *Barnes,* 105 F.3d at 1115, Judge Dugger and all Plaintiff's claims against him are **DISMISSED.**

## IV. Conclusion

In light of the above law and analysis, the Court finds that Plaintiff's contentions fail to state § 1983 claims against Defendant Judge Dugger, and therefore, this case will be **DISMISSED** *sua sponte* in its entirety under 28 U.S.C. § 1915(e)(2)(B)(iii).

Accordingly, Plaintiff's pending motion to appoint counsel [Doc. 3] is **DENIED as moot**.

**AN APPROPRIATE ORDER WILL FOLLOW.**

_____
**UNITED STATES DISTRICT JUDGE**